# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION

| | |
|---|---|
| LAMAR RUTHERFORD,<br><br>                Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A.,<br><br>                Defendant. | Civil Action No.<br><br>NOTICE OF REMOVAL |

## NOTICE OF REMOVAL

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") hereby removes the above-captioned action ("Action") from the General Court of Justice District Court Division-Small Claims, Wake County ("State Court"), to the United States District Court for the Eastern District of North Carolina pursuant to 28 U.S.C. §§ 1441 and 1446.

Removal is proper under 28 U.S.C. § 1441(a). Wells Fargo appears for the purpose of removal only and for no other purpose. Wells Fargo reserves all rights and defenses. Wells Fargo states the following as grounds for removal:

## SUMMARY

1. This Court has original jurisdiction over this civil action because Plaintiff Lamar Rutherford ("Plaintiff") asserts a cause of action arising under the Fair Credit Billing Act, 15 U.S.C. § 1666 *et seq.* ("FCBA"). Compl. Addendum. This Court has original jurisdiction over all civil actions arising under federal law. 28 U.S.C. § 1331.

2. Wells Fargo reserves its rights to supplement or amend this Notice of Removal in the event that additional grounds for removal become apparent.

## PARTIES

3.  Plaintiff is a resident of North Carolina. Compl. at 1.

4.  Wells Fargo is a national banking association, with its main office in Sioux Falls, South Dakota. *Wells Fargo Bank, N.A. v. ESM Fund I, LP*, 785 F. Supp. 2d 188, 191 (S.D.N.Y. 2011) ("Wells Fargo is a national banking association with its main office in Sioux Falls, South Dakota.").

## PROCEDURAL HISTORY AND BACKGROUND

5.  On or about June 21, 2023, Plaintiff initiated this action in the General Court of Justice District Court Division-Small Claims, Wake County (the "State Action") by filing a Complaint styled as *Lamar Rutherford v. Wells Fargo Bank, N.A.,* File No. 23CV016033-910.

6.  On June 26, 2023, Wells Fargo received a copy of the Complaint.[1] A copy of the Notice of Service of Process and Complaint (with attachments) is attached hereto as **Exhibit A**. Pursuant to 28 U.S.C. § 1446(d), Wells Fargo will provide written notice of the removal to the Plaintiff in this action and will file a copy of this Notice of Removal with the State Court. A copy of the Notice of Filing Notice of Removal (without exhibits) is attached hereto as **Exhibit B**.

7.  Exhibits A through B constitute all of the process, pleadings, and orders served in this case. *See* 28 U.S.C. § 1446(a). Wells Fargo has not answered, moved, or otherwise responded to the Complaint.

8.  Wells Fargo filed this Notice of Removal within thirty (30) days of the date it received a copy of the Complaint. No motions or other proceedings in this Action are pending in State Court.

---

[1] At the time of this filing, Plaintiff has not properly completed service on Wells Fargo under Rule 4 of the North Carolina Rules of Civil Procedure. However, Wells Fargo files its Removal now out of an abundance of caution.

## JURISDICTIONAL GROUNDS FOR REMOVAL

9. A defendant may remove a case from state court to federal court if the federal court has original jurisdiction over the case. *See* 28 U.S.C. § 1441(a); *see also Burrell v. Bayer Corp.*, 918 F.3d 372, 378 (4th Cir. 2019); *King v. Marriott Int'l Inc.*, 337 F.3d 421, 424 (4th Cir. 2003) (citing 28 U.S.C. § 1441(a)).

10. Here, the Court has original jurisdiction under 28 U.S.C. § 1331 based on federal question jurisdiction. "Removal is appropriate . . . where the civil action is one over which "the district courts of the United States have original jurisdiction." *King*, 337 F.3d at 424 (quoting 28 U.S.C. § 1441(a)).

11. Specifically, Plaintiff's Complaint, though difficult to decipher, alleges a claim arising under federal law. The complaint does not contain counts, nor does it point to specific statutes Wells Fargo allegedly violated—the addendum to the form complaint simply states Plaintiff is entitled to damages for the "willful violation of the FCBA." Compl. Addendum. Thus, Plaintiff alleges that Wells Fargo violated the FCBA, which is a federal law. *See* 15 U.S.C. §§ 1666 – 1666j.

12. Federal courts can hear "all cases, in law and equity, arising under this Constitution, [and] the laws of the United States . . . " U.S. Const., Art III, Sec 2. This clause has been interpreted broadly and courts have found that this clause allows federal courts to hear any case in which there is a federal ingredient. *Osborn v. Bank of the United States*, 22 U.S. 738 (1824). Additionally, 28 U.S.C. § 1331 gives federal courts jurisdiction to hear those cases which arise under federal law. A "suit arises under the law that creates the cause of action." *American Well Works v. Layne*, 241 U.S. 257, 260 (1916); *see also Mulcahey v. Columbia Organic Chems. Co.*,

29 F.3d 148, 151 (4th Cir. 1994) ("In cases where federal law *creates* the cause of action, the courts of the United States unquestionably have federal subject matter jurisdiction.").

13. Here, because Plaintiff's cause of action in the Complaint are based on federal law, there is federal question jurisdiction.

14. If any questions arise as to the proprietary of the removal of this action, Wells Fargo requests the opportunity to present a brief and argument in support of its position that this case is removable.

15. Venue is proper in this Court for removal purposes because this Court is "the district court of the United States for the district and division in which within which [this] action is pending." 28 U.S.C. § 1446(a); *see also* 28 U.S.C. § 113(a).

## OTHER PROCEDURAL REQUIREMENTS

16. Pursuant to 28 U.S.C. § 1446(d), Wells Fargo will promptly file a Notice of Filing of Notice of Removal with the Clerk of the State Court. Wells Fargo will also serve Plaintiff with a copy of the Notice of Filing and the Notice of Removal. Pursuant to Rule 5(d) of the Federal Rules of Civil Procedure, Wells Fargo will file with this Court a Certificate of Service of the Notice of Filing and the Notice of Removal.

17. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

18. By filing this Notice of Removal, Wells Fargo does not waive and expressly reserves any defenses that may be available to it (including without limitation defenses relating to jurisdiction) and does not concede that the allegations in the Complaint state a valid claim under any applicable law.

19. Wells Fargo reserves the right to submit at an appropriate time and under appropriate confidentiality protections factual support, evidence, and affidavits to support the foregoing bases for federal jurisdiction, should that become necessary.

20. Wells Fargo reserves the right to supplement or amend the foregoing Notice of Removal to add other bases for federal jurisdiction that become apparent as a result of any amended complaint filed by Plaintiff in this Action.

WHEREFORE, Wells Fargo hereby removes this Action from the General Court of Justice District Court Division-Small Claims, Wake County, to this Court.

This 24th day of July 2023.

*/s/ Trenton I. McGuirt*
Trenton I. McGuirt, Esq.
N.C. Bar No. 56360
TROUTMAN PEPPER HAMILTON SANDERS, LLP
 C305 Church at North Hills Street,
Suite 1200, Raleigh, NC 27609
Telephone: (919) 835-4132
Facsimile: (919) 835-4101
Email: Trenton.McGuirt@troutman.com

*Attorney for Defendant Wells Fargo Bank, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of July 2023, I served a copy of the foregoing, **Notice of Removal**, via U.S. Mail, postage prepaid, on:

Lamar Rutherford
*Pro Se*
1124 Willow Pond Ln,
Leland, N.C. 28451
Telephone: (323) 496-4303
*Plaintiff*

                                 */s/ Trenton I. McGuirt*
                                 Trenton I. McGuirt, Esq.